UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-0131-B |
| | § | |
| ZELMA GOMEZ, a/k/a ZELMA J. GOMEZ, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the United States of America's Motion for Default Judgment. Doc. 8. For the reasons that follow, the Motion is **GRANTED**.

## I.

## BACKGROUND

Plaintiff United States (the Government) filed suit against Defendant Zelma Gomez on January 18, 2018. Doc. 1, Compl. The Government alleges that Defendant failed to make payments on loans she obtained from the U.S. Department of Education (the Department) and is now indebted to the Government $4687.22 plus interest. *Id.* ¶¶ 5, 7. Defendant was served with the summons and complaint on February 3, 2018. Doc. 5, Aff. of Service. Despite having been served, Defendant neither submitted an answer nor otherwise made an appearance in this case.

Accordingly, the Government filed a request to enter default as to Defendant on February 27, 2018, Doc. 6, which the Clerk of Court entered, Doc. 7. The same day, the Government filed the present Motion for Default Judgment against Defendant to recover the amount due under the

loans as well as interest and other costs. Doc. 8, Mot. for Default J. To date, Defendant has not made an appearance in this case.

## II.

## LEGAL STANDARD

Rule 55(b) of the Federal Rules of Civil Procedure authorizes the Court to enter a default judgment against a defendant who has failed to plead or otherwise defend upon motion of the plaintiff. That being said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment merely because the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). "Rather, a default judgment is generally committed to the discretion of the district court." *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008).

In determining whether a default judgment should be entered against a defendant, courts have developed a three-part analysis. *Id.* First, courts consider whether the entry of default judgment is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The factors relevant to this inquiry include:

> [1] whether material issues of fact are at issue; [2] whether there has been substantial prejudice; [3] whether the grounds for default are clearly established; [4] whether the default was caused by a good faith mistake or excusable neglect; [5] the harshness of a default judgment; and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

*Id.*

Second, courts assess the substantive merits of the plaintiff's claims and determine whether

there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover"). In doing so, courts are to assume that due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *Id.* However, a "defendant is not held to admit facts that are not-well pleaded or to admit conclusions of law." *Id.*

Third, courts determine "what form of relief, if any, the [plaintiff] should receive." *1998 Freightliner*, 548 F. Supp. 2d at 384. Normally, damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). But if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

## III.

## ANALYSIS

Applying the three-part analysis detailed above, the Court concludes that the Government is entitled to a default judgment.

A.  *Default Judgment is Procedurally Warranted*

After reviewing the Government's Motion in light of the six *Lindsey* factors, the Court determines that default judgment is procedurally warranted. First, Defendant has not filed any responsive pleadings. Consequently, no material facts are disputed. *Lindsey*, 161 F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"). Second, Defendant's "failure to respond threatens to

bring the adversary process to a halt, effectively prejudicing Plaintiff's interests." *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *3 (S.D. Tex, Oct. 5, 2011). Third, the grounds for default are clearly established, as Defendant has not responded to the summons and complaint, the entry of default, or the Motion over the past three months. Fourth, there is no evidence indicating Defendant's silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fifth, the Government seeks only the relief the law provides, mitigating the harshness of a default judgment against Defendant. Finally, the Court is not aware of any facts that would give rise to "good cause" to set aside the default if challenged by Defendant. *See id.* Therefore, the Court concludes that default judgment is procedurally warranted.

B.  *Default Judgment is Substantively Warranted*

In light of the entry of default, Defendant is deemed to have admitted the allegations set forth in the Government's Complaint. Nonetheless, the Court must review the pleadings to determine whether they provide a sufficient basis for the Government's claim for relief. *Nishimatsu Constr.*, 515 F.2d at 1206. In conducting this analysis, the Fifth Circuit has looked to the Rule 8 case law for guidance:

> Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (footnote and citations omitted). "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015).

To recover on its claim for unpaid debts, the Government must show that (1) it is the holder of Defendant's promissory notes; (2) Defendant executed the notes; and (3) the notes are in default. *United States v. Chapa*, No. C-07-005, 2007 WL 4198387, at *1 (S.D. Tex. Nov. 23, 2007).

The Government is substantively entitled to relief. It seeks to recover payments due under loans obtained by Defendant from the Department. Doc. 1, Compl., ¶ 5. In 1996, Defendant obtained loans for $2625 and $4000 under the William D. Ford Federal Direct Loan Program. Doc. 1, Compl., ¶¶ 5–6; *id.* Ex. A. The Department is the owner and holder of each note. Doc. 1, Compl., ¶ 5. According to a Certificate of Indebtedness issued in 2017, Defendant defaulted on her loans in 2012. Doc. 1, Compl., Ex. B. As of October 4, 2017, Defendant owed a total of $4687.22 plus interest on her loans. *Id.*

After review, the Court concludes that these allegations are sufficient to provide Defendant with fair notice of the Government's claims. The Court further determines that Defendant is not an infant, incompetent, or entitled to relief under the Servicemembers Civil Relief Act, 50 App. U.S.C. § 501 *et seq.* Accordingly, the Government is entitled to recover for any unpaid principal and interest on Defendant's obligation.

C.  *The Government's Claim is for a Sum Certain*

Finally, the Government's claim is for a sum certain. The Government's records show that as of October 4, 2017, Defendant was indebted to the Government for a total of $4687.22 plus interest accruing on the principal at a daily rate of $0.49 per day until June 30, 2018 and thereafter at a rate determined by the Department pursuant to the Higher Education Act of 1965. Doc. 1, Compl., Ex. B.

## IV.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** the Government's Motion for Default Judgment. Doc. 8. It is therefore **ORDERED**, **ADJUDGED**, and **DECREED** that the Government is entitled to the following relief:

1. $4687.22 in unpaid indebtedness as of October 4, 2017;

2. Interest accruing on the principal at $0.49 per day as of October 4, 2017, until the date of judgment;

3. Post-judgment interest at a rate of 2.10%;[1] and

4. Costs of court.[2]

**SO ORDERED.**

**Dated: April 23, 2018.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] Post-judgment interest is calculated using the weekly average 1-year constant maturity (nominal) Treasury yield, as published by the Federal Reserve System for the calendar week preceding. 28 U.S.C. § 1961. The 1-year rate for the week ending April 13, 2018 (and thus effective April 16, 2018, through April 22, 2018) is 2.10%.

[2] *See* Fed. R. Civ. P. 54(d)(1).